≈PROB 12B
(Rev. 10/10 - D/SC)

# UNITED STATES DISTRICT COURT

for

### District of South Carolina

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Elizabeth Mason Smith      **Case Number:** 9:10CR00923-001

**Name of Sentencing Judicial Officer:** The Honorable Sol Blatt, Jr., Senior United States District Judge

**Date of Original Sentence:** September 22, 2011

**Original Offense:**   Embezzlement of Government Property, 18 U.S.C. § 641

**Original Sentence:** Sentenced to the Bureau of Prisons for a total term of Time Served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of Two (2) years with the following special conditions: 1) The defendant shall submit to a location monitoring program (home detention or curfew restrictions) with electronic monitoring for a period of Six (6) months as approved by the U.S. Probation Officer. The defendant shall submit to curfew restrictions as approved by the U.S. Probation Officer until such time as the electronic monitoring can be connected. This condition satisfies the provision of U.S.S.G. § 5C1.1(d)(2). (2) The defendant shall pay a special assessment fee of $100 (paid September 28, 2011).

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** September 22, 2011

**Previous Court Action/Notification(s):**     None

---

### PETITIONING THE COURT

☐  To extend the term of supervision for _____ years, for a total term of _____ years.

☒  To modify the conditions of supervision as follows:

The defendant shall be placed on Home Detention with Electronic Monitoring for 30 days.

♦Prob 12B
(Rev 10/10 - D/SC)

Page 2

## CAUSE

On March 16, 2012, while on Home Detention with Electronic Monitoring, the defendant cut her ankle transmitter strap at 0137 hours. This occurred approximately one week prior to completing her original six-month condition of home detention with electronic monitoring. She had been compliant with all conditions of supervision up to this date. When requested, she came immediately to the Probation Office with her transmitter and told the Probation Officer that she had no recall of cutting her transmitter strap during the night. She stated she had been unable to sleep that night and had taken Ambien, then Benadryl. She could not recall anything that happened during the night. She did admit she had cut or trimmed the strap with scissors without completely severing the strap just prior to Christmas 2011, so it would fit more comfortably on her leg. The Probation Officer suggested she make an appointment with her psychiatrist immediately. On March 19, 2012, the defendant's attorney, Lionel Lofton, forwarded a letter to the Probation Officer from the defendant's psychiatrist, Lisa D. Hand, M.D., P.A. which indicates that the medication the defendant was taking may have helped cause her behavior (letter attached).

In that, the electronic monitoring strap was severed on March 16, 2012, and she admits cutting or trimming the strap as early as December 2011, and in consideration of the letter presented by her psychiatrist stating possible medication side effects on a Bipolar patient, the above modification is recommended.

Respectfully submitted,

by *Michael L. Suttles* (signature)
Michael L. Suttles
U.S. Probation Officer
Date: March 20, 2012

Reviewed and Approved By:

*Gary W. Graham* (signature)
Gary W. Graham
Supervising U.S. Probation Officer
Date: 3-22-12

## THE COURT ORDERS:

☐ No action.

☐ The extension of supervision as noted above.

☑ The modification of conditions as noted above.

☐ Other

*(signature)*
The Honorable Sol Blatt, Jr.
Senior United States District Judge

3/22/12
Date